## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, a/s/o, 1441 RHODE ISLAND AVENUE CONDOMINIUM ASSOCIATION, One Bala Plaza, Suite 100, Bala Cynwyd, PA 19004, | : : : : : : | Civil Action No.: _____<br><br>Removed from the Superior Court of the District of Columbia, Case No. 2015 CA 2814 |

                    Plaintiffs,

          v.

LEND LEASE (U.S.) CONSTRUCTION, INC.,
200 Park Avenue, 9th Floor,
New York, NY 10166,

                    Defendant.

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Lend Lease (US) Construction Inc. ("Defendant") removes the above-captioned action from the Superior Court of the District of Columbia (the "State Court") to the United States District Court for the District of Columbia, and alleges as follows:

### The State Court Action

1.     On April 20, 2015, Plaintiff Philadelphia Indemnity Insurance Company, a/s/o, 1441 Rhode Island Avenue Condominium Association ("Plaintiff") commenced this action against Defendant by filing its Complaint in the State Court, which is captioned *Philadelphia Indemnity Insurance Company, a/s/o, 1441 Rhode Island Avenue Condominium Association v. Lend Lease (U.S.) Construction, Inc.*, Case No. 2015 CA 2814. (The Complaint is attached hereto as Exhibit A.)

2.     This action is a civil suit in which Plaintiff asserted claims for breach of contract and negligence.

3.    On April 23, 2015, Defendant received a copy of the Complaint, which is the initial pleading setting forth the claim for relief upon which this action is based.

**This Court has Subject Matter Jurisdiction over this Matter**

4.    "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States." § 1332(a)(1).

5.    This action satisfies the complete-diversity-of-citizenship requirement of § 1332(a)(1) because Plaintiff and Defendant are citizens of different states. Because Plaintiff is a corporation, it is a citizen of the state where it is incorporated and the state where it maintains its principal place of business. § 1332(c)(1); *Hoch v. Eli Lilly & Co.*, 736 F. Supp. 2d 219, 220-21 (D.D.C. 2010). Plaintiff is incorporated in the Commonwealth of Pennsylvania, and its principal place of business is located at One Bala Plaza, Suite 100, Bala Cynwyd, PA 19004. (An excerpt of the Pennsylvania Secretary of State website is attached hereto as Exhibit B.) For purposes of diversity, Plaintiff is therefore a citizen of Pennsylvania.

6.    Defendant, which is also a corporation, is incorporated in the State of Florida and has its principal place of business located at 200 Park Avenue, 9th Floor, New York, NY 10166. (An excerpt of the Florida Secretary of State website is attached hereto as Exhibit C.) For purposes of diversity, Defendant is thus a citizen of Florida and New York.

7.    Because Plaintiff, a citizen of Pennsylvania, and Defendant, a citizen of Florida and New York, are citizens of different states, complete diversity exists.

8.    The matter in controversy exceeds $75,000, exclusive of interest and costs. In each of its two causes of action, Plaintiff requests damages in the amount of $107,552.74. (Ex. A, Complaint, ¶¶ 10, 16, 20.)

**Removal Jurisdiction**

9.      This action is properly removed pursuant to §§ 1441 and 1446.

10.     Under § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

11.     Plaintiff filed this action in the Superior Court of the District of Columbia. The District Court for the District of Columbia is the judicial district embracing the District of Columbia, the place where the State Action was brought, and, therefore, is the proper district court to which this case should be removed. §§ 1441(a), 1446(a).

12.     Section 1441(b) provides that an "action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." Defendant is not a citizen of the District of Columbia.

13.     Pursuant to § 1446(a), Defendant is simultaneously filing with this Notice of Removal copies of "all process, pleadings, and orders served" on Defendant in this action, which is only the Complaint. (Ex. A.)

14.     Pursuant to § 1446(b)(1), Defendant has filed this Notice of Removal within 30 days of receiving the Complaint in this matter. Defendant received the Complaint on April 23, 2015. It filed this Notice of Removal 29 days later on May 22, 2015.

15.     Pursuant to § 1446(d), on May 22, 2015 a Notice of Filing of Notice of Removal was served on Plaintiff and filed with the State Court's Civil Clerk's Office. (Exhibit D.)

16.     In filing this Notice of Removal, Defendant denies that Plaintiff has stated a claim for which relief may be granted and denies that Plaintiff has been damaged in any manner. Defendant does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, venue, defenses, exceptions, rights, and motions.

3

WHEREFORE, Defendant Lend Lease (US) Construction Inc. respectfully requests that the above-captioned action pending against it in the Superior Court of the District of Columbia be removed to the United States District Court for the District of Columbia.

Respectfully submitted,

COZEN O'CONNOR

By: _____

Chad E. Kurtz, Esq. (#1016934)
(D.D.C. application pending)
Emily M. Gurskis, Esq. (#1023711)
1627 Eye Street NW, Suite 1100
Washington, DC 20006
Tel: (202) 463-2521
Fax: (202) 640-5939
ckurtz@cozen.com
egurskis@cozen.com
*Attorneys for Defendant,*
*Lend Lease (US) Construction Inc.*

Dated:  May 22, 2015

## CERTIFICATE OF SERVICE

I, Emily M. Gurskis, hereby certify that a copy of the foregoing Notice of Removal and the exhibits thereto have been served on the following via U.S. first-class mail this 22nd day of May 2015, as follows:

James D. Skeen, Esq.
SKEEN & KAUFFMAN, LLP
911 North Charles Street
Baltimore, MD 21201
*Attorney for Plaintiff*

Emily M. Gurskis