**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
                               )
PHILADELPHIA INDEMNITY INSURANCE)
CO., A/S/O 1441 RHODE ISLAND AVE)
CONDOMINIUM ASSOCIATION,       )
                               )
          Plaintiffs,          )
                               ) Civil Action No.15-765
                               ) (EGS)
     v.                        )
                               )
                               )
LEND LEASE (U.S.)              )
CONSTRUCTION, INC.             )
                               )
                               )
                               )
          Defendant.           )
_____)
```

**MEMORANDUM OPINION**

In January 2014, a water sprinkler line burst inside the condominium property located at 1441 Rhode Island Ave. in Washington, D.C. Compl., Docket 1-2 at ¶ 7. The condominium Association's insurer, Philadelphia Indemnity Insurance Company ("Plaintiff"), compensated the Association for all losses, totaling $107,552.74. *Id.* ¶ 10.[1] Plaintiff filed this lawsuit against Defendant Lend Lease (U.S.) Construction, Inc. ("Defendant") for breach of contract and negligence due to its

---

[1] Plaintiff Philadelphia Indemnity Insurance Company moves as subrogee of 1441 Rhode Island Ave. Condominium Association ("Association"). The Court will refer to Philadelphia Indemnity Insurance Company as "Plaintiff" and the Condominium Association as "Association" in this opinion.

alleged faulty construction of the condominium between 2002 and 2004. *Id.* ¶¶ 13-20. Plaintiff now concedes that its breach of contract claim fails, but argues discovery should proceed on its negligence claim.[2] Pl.'s Mem. Opp., Docket No. 11 at 6. Defendant moves for Judgement on the Pleadings arguing that the Association is a successor of the original owner of the property, Fairfield D.C. Limited Partnership ("Fairfield"), who signed a 2002 construction contract ("Contract") with the Defendant. Def.'s Mem. Supp. Mot. J. Pleadings, Docket No. 10. Defendant argues a finding that the Association is a successor prohibits Plaintiff's negligence claim pursuant to the Contract's waiver-of-subrogation clause. *Id.* Upon consideration of the motion, the response and reply thereto, the applicable law, the entire record, and for the reasons stated below, Defendant's motion is **DENIED**.

I. **BACKGROUND**

**A. The Contract**

On June 19, 2002, Defendant signed a Contract with Fairfield to construct a nine-story apartment building and refurbish an adjacent townhouse located at 1441 Rhode Island Avenue NW. Pl.'s Mem. Opp. at 1. Defendant completed its

---

[2] "As noted, Plaintiff has conceded it is not a contracting party in this case. As a consequence, the only remaining count would be Plaintiff's negligence count, which sounds exclusively in negligence law." Pl.'s Mem. Opp., Docket No. 11 at 6.

construction in late 2004, at which time the units were ready for occupancy. Compl. ¶ 5. At some point in 2004, Fairfield sold the Building to 1441 Rhode Island Avenue, LLC ("1441 LLC"). Def.'s Statement of Points at 2. The property was later conveyed to the Association. *Id.*[3]

The 2002 Contract signed by Fairfield and Defendant includes the following provisions:

> . . . [I]f **after final payment** property insurance is to be provided on the completed Project through a policy or policies other than those insuring the Project during the construction period, **the Owner shall waive all rights in accordance with the terms of Subparagraph 11.4.7 for damages caused by fire or other cause of loss covered by this separate property insurance.** All separate policies shall provide this waiver of subrogation by endorsement or otherwise.[4]

Contract, Docket No. 10-1, Sec. 11.4.5. (emphasis added). The Waiver of Subrogation clause states:

> [t]he Owner and Contractor **waive all rights against (1) each other** . . . for damages caused by fire or other causes of loss to the extent covered by property insurance . . . **A waiver of subrogation shall be effective as to a person or entity even though that person or entity would otherwise have a duty of indemnification, contractual or otherwise.**

---

[3] The exact date that the Association acquired the property is unknown. Pursuant to unexecuted copies of the Condominium Declaration, Plaintiff suggests that Fairfield's ownership interest ceased sometime between June 19, 2002 and March of 2004. Pl.'s Mem. Opp. at 2; *see also* Ex. A., Docket No. 11-2.

[4] "Owner" means "the Owner or the Owner's authorized representative." Contract, Docket No. 10-1 at Sec. 2.1.1. The first page of the Contract identifies Fairfield as the "owner". *Id.* at 3.

3

*Id.* at Sec. 11.4.7. (emphasis added). The Contract also includes a "Successors and Assigns" provision, which states:

> "**[t]he Owner and Contractor respectively bind themselves**, their partners, **successors**, assigns and legal representatives to the other party hereto and to partners, successors, assigns and legal representatives of such other party in respect to covenants, agreements, and **obligations contained in the Contract Documents**."[5]

*Id.* at Sec. 13.2.1. (emphasis added).

## II. STANDARD OF REVIEW

A Rule 12(c) motion is "functionally equivalent" to a Rule 12(b)(6) motion and governed by the same standard. *Rollins v. Wackenhut Servs.*, Inc., 703 F.3d 122, 130 (D.C. Cir. 2012). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quotation marks omitted; alteration in original). While detailed factual allegations are not necessary, plaintiff must plead enough facts "to raise a right to relief above the speculative level." *Id.*

---

[5] Successor is not defined by the Contract.

"The court is limited to considering acts alleged in the complaint, and documents attached to or incorporated by reference in the complaint, matters of which the court may take judicial notice, and matters of public record." *Maniaci v. Georgetown Univ.*, 510 F. Supp. 2d 50, 59 (D.D.C. 2007) (internal citations omitted). The Court must construe the complaint liberally in plaintiff's favor and grant plaintiff the benefit of all reasonable inferences deriving from the complaint. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, the Court must not accept plaintiff's inferences that are "unsupported by the facts set out in the complaint." *Id.* "Nor must the court accept legal conclusions cast in the form of factual allegations." Id. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).[6]

---

[6] Defendant asserts that Maryland law should be applied to this dispute, pursuant to the choice of law provision included in the Contract. Def.'s Mem. Supp. at 3, fn 2. Plaintiff does not dispute application of Maryland law. *See* Pl.'s Mem. Opp. at 4, citing Maryland law. The Court will therefore apply Maryland law in resolving this dispute.

## III. DISCUSSION

Defendant argues that the Association is a successor to Fairfield under the Contract, thereby barring Plaintiff's negligence claim. Def.'s Reply, Docket No. 13 at 2. Plaintiff insists the Association is not a successor to Fairfield because (1) it is the second owner since Fairfield; (2) there is no evidence that the Association had any knowledge of the Contract when it purchased the property; and (3) the "full benefit of the exchange" was complete before the Association acquired the property. Pl.'s Opp. Mem. at 3-4.

Although it is possible that Plaintiff's negligence claim is barred by a finding that the Association is a "successor" under the Contract, see Contract at Sec. 11.4.7. ([t]he Owner and Contractor waive **all rights** against (1) each other . . . for damages caused by fire or other causes of loss), the current record is insufficient to determine whether the Association should be deemed a successor.

In non-labor contract cases, successor is generally defined as "one who takes the place that another has left, and sustains the like part or character." *Safer v. Perper*, 569 F.2d 87, 95 (D.C. Cir. 1977) (citations omitted). Applying Maryland law, the *Safer* Court considered the following factors to determine successorship: (1) the nature of the relationship between the original contracting party and the new owner; (2) whether there

6

was any overlap between the two entities; and (3) if the original party's obligations were completely discharged prior to the successor assuming interest in the property. *Id.* In *Safer*, the purchaser of a foreclosure (Somerset) took the place of the original owner (Winthrop) by paying the contractor. The Court concluded that:

> Thus with respect to the very obligations created by the construction contract itself, [Somerset] occupied the place that Winthrop abdicated. Not only did [Somerset] "sustain the like part" as Winthrop, it sustained the very same part as Winthrop.

*Id.* at 96. Guided by *Safer*, the Court in *Crown Oil and Wax Co. of Delaware, Inc. v. Glen Const. Co.* concluded that Frederick Hotel Limited Partnership ("Frederick") was successor to Crown Oil and Wax Co. ("Crown") because:

> [Frederick] took [Crown's] place by agreeing that the construction contract costs would be its sole responsibility. … [a]lso, there is continuity in management for the owner of the hotel project and some continuity of equitable ownership in the succession from [Crown] to [Frederick].

320 Md. 546, 569 (Ct. App. Md. 1990).

The record in this case is devoid of similar facts. The record does not indicate (1) when Defendant completed construction; (2) when full payment was received; (3) whether the Association assumed any responsibility for payments to Defendant; (4) when the Property passed from Fairfield to 1441 LLC; (5) when the property was conveyed to the Association; (6)

7

what, if any, knowledge the entities who purchased the property from Fairfield had about the Contract; and (7) if there was any overlap in management between Fairfield and the Association.[7]

Defendant asserts that Fairfield's "obligations under the Contract were not yet fully satisfied" when the Association purchased the property. Def.'s Reply Mem. at 3. Nothing in the record supports this argument. Defendant also claims that "the property owner and Land Lease agreed to have a certain meeting one month before the expiration of the one-year warranty." It is unclear if Defendant is merely restating the general provision included in the Contract or rather asserting that it agreed to have a meeting with the Association. *Id.*

For these reasons, the Court cannot determine whether the Association should be deemed the successor of Fairfield on the current record. Therefore, the parties shall meet and confer and submit a proposed schedule for discovery that is limited to the questions identified *supra* and any other facts identified by the parties that are necessary for the Court to properly determine the question of successorship.

---

[7] The Condominium Declaration identifies Sonil S. Gehani as the manager of 1441 Rhode Island, LLC, and Keith J. Willness as trustee, but the record does not contain other references to these individuals or identify managers for the Association.

**III. CONCLUSION**

For the reasons stated above, Lend Lease's Motion for Judgment on the Pleadings is **DENIED.** An appropriate order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan
            United States District Judge
            March 18, 2016**